# UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 DEC 4 PM 4 06

STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL COMPLAINT |
| MICHAEL JOHN ANDERSEN | CASE NUMBER: 13MJ185F |

I, Dennis Conmay, the undersigned Complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

From on or about October 31, 2013, through and including December 5, 2013, in the District of Wyoming, the Defendant, **MICHAEL JOHN ANDERSEN**, who is a person required to register under the Sex Offender Registration and Notification Act, as the result of having been convicted Military Court-Martial for the crime of Forcible Sodomy Article 125 UCMJ., did knowingly fail to update a registration as required by the Sex Offender Registration and Notification Act in violation of 18 U.S.C. § 2250(a).

I further state that I am a Deputy U.S. Marshal for the United States Marshals Service and that this Complaint is based on the following facts:

Continued on *Attachment A* and made a part hereof:    x Yes    No

Signature of Complainant
**DENNIS CONMAY**

Sworn to before me and subscribed in my presence,

**December 4, 2013**    at    **Cheyenne, Wyoming**

Date    City and State

**HON. KELLY H. RANKIN**
United States Magistrate Judge

Name & Title of Judicial Officer    Signature of Judicial Officer

## ATTACHMENT A

1.   Your complainant is a Deputy U.S. Marshal for the United States Marshals Service. Your complainant has been employed with the U.S. Marshals since 2002. Initially hired as a Detention Enforcement Officer, complainant promoted to Deputy U.S. Marshal in 2003, and Promoted to Criminal Investigator in 2006. Your complainant attended Basic Deputy U.S. Marshal training in 2003, and Criminal investigators training in 2006. Both of the courses of study were held at the Federal Law Enforcement Training Academy. Your complainant graduated Criminal Investigator training with top academic honors. In 1993 your complainant attended and graduated the Los Angeles Police Academy, your complainant worked as a reserve police officer with the LAPD until your complainant's appointment as a Deputy Marshal in 2003. Complainant has over 1200 hours of formal law enforcement training.

2.   Part of your complainant's duties as a criminal investigator with the U.S. Marshals service is to investigate, locate, and arrest persons who are required to register under the Sex Offender Registration and Notification Act (SORNA) and have failed to do so in violation of 18 USC 2250.

3.   This affidavit is being written in support of a criminal complaint against and an arrest warrant for **MICHAEL JOHN ANDERSEN** a person who is required to register as a sex offender under SORNA.

4.   Your complainant has discovered the following facts, based on information learned by your complainant's own investigative efforts and the efforts of other law enforcement officials.

5.   On November 20, 2013 Deputy United States Marshal Justin Stephenson reported to complainant that Laramie County registered sex offender **MICHAEL JOHN ANDERSEN** had an active warrant for his arrest issued in Laramie County for a probation violation. Deputy Stephenson told complainant that **MICHAEL JOHN ANDERSEN** was serving a three (3) year term of probation after being convicted in 2011 by the state of Wyoming for Failure to

2

Register as a Sex Offender. Deputy Marshal Stephenson told complainant the whereabouts of **MICHAEL JOHN ANDERSEN** were unknown.

6. Based on the information provided to complainant by Deputy Stephenson, complainant began an investigation to determine if **MICHAEL JOHN ANDERSEN** was in violation of the Sex Offender Registration and Notification Act.

7. Complainant found that on August 29, 2007 **MICHAEL JOHN ANDERSEN** was convicted by Military Court-Martial for the crime of Forcible Sodomy Article 125 UCMJ. As a result of this conviction, **MICHAEL JOHN ANDERSEN** was sentenced to (2) two years confinement. On December 2, 2008 **MICHAEL JOHN ANDERSEN** was released from Fort Sill Corrections Facility. Upon his release from Fort Sill, **MICHAEL JOHN ANDERSEN** was advised of his obligation to register as a sex offender. **MICHAEL JOHN ANDERSEN** acknowledged his understanding of his requirement to register as a sex offender by signing a form entitled "Notice of release / acknowledgement of convicted sex offender registration requirements."

8. On the form mentioned in paragraph (7) above, **MICHAEL JOHN ANDERSEN** acknowledged with his signature the following; "I acknowledge that I was informed that every change in my address must be reported in the manner provided by state law. I also acknowledge being informed that if I move to another state, I must report the change of address to the responsible agency in the state I am leaving, and comply with the registration requirements in the new state of residence. I understand that the failure to register may constitute grounds to revoke parole. Finally, I understand that if I fail to register and/or change or update such registration information as required under a state sex offender registration program, I may be subject to criminal prosecution."

9. On December 8, 2008 **MICHAEL JOHN ANDERSEN** registered as a sex offender as required with the Laramie County Sheriff's Department, listing an address of 4318 Pathfinder Ave, Cheyenne, Wyoming. **MICHAEL JOHN ANDERSEN** also signed a form

entitled "Notice to Persons Required to Register" and acknowledged the following information; "Any person required to register under this act who has a change of address and who has remained within the same county of their current registration, shall notify their local County Sheriff's office within (3) working days of any such change(s). Any person who fails to establish a new residence within (3) working days of leaving their previous physical residence, or who becomes "transient" through the lack of a physical residence, shall report on a "weekly" basis to their local Sheriff's office until a new physical residence is established and registered"…"Any person required to register under this act that moves to another state, shall notify the County Sheriff's office within the county of their previous residence within three (3) working days, as well as, must register with the designated law enforcement agency within the new state no later than three (3) working days upon entering the new state."…"by signing below, I swear or affirm that I have received a copy of the Wyoming Sex Offender Registration Act and have been afforded the opportunity to ask any questions that I might have. I understand that I must report any change of address within three (3) working days of the change(s)… My signature below further identifies and acknowledges my understanding that failing to abide by any of the provisions of the Wyoming Sex Offender Registration Act, or another state's equivalent law if applicable subjects me to potentially serious consequences."

10. From December 8, 2008 through April 15, 2011 **MICHAEL JOHN ANDERSEN** maintained his sex offender registration with the Laramie County Sheriff's Department and appeared for scheduled meetings to update his information as required. On May 4, 2011 it was discovered that **MICHAEL JOHN ANDERSEN** was not living at an address he registered, but was in fact living at a restricted location, ignoring an earlier admonition from Detective Gensel not to live there. As a result of his non-compliance, on June 3, 2011 Detective Susan Gensel obtained a warrant for the arrest of **MICHAEL JOHN ANDERSEN**. On June 21, 2011 Deputy United States Marshals along with Taskforce officers from the Laramie County Sheriff's Office arrested **MICHAEL JOHN ANDERSEN** for the outstanding Failure to

register warrant. On March 9, 2012 as a result of the Failure to Register as a Sex Offender charge, **MICHAEL JOHN ANDERSEN** was placed on probation with the state of Wyoming for three (3) years.

11. On August 6, 2013 **MICHAEL JOHN ANDERSEN** registered as a sex offender with the Albany County Sheriff's Office listing a residence address of 4039 State HWY 230, Laramie, Wyoming. On August 21, 2013 **MICHAEL JOHN ANDERSEN** registered as a sex offender with the Laramie County Sheriff's Office listing an address of 304 E Jefferson Rd, Cheyenne, Wyoming.

12. On October 29, 2013 Deputy Mosbacher of the Laramie County Sheriff's Department attempted to make contact with **MICHAEL JOHN ANDERSEN** at his registered address of 304 E Jefferson RD, Cheyenne, Wyoming. Deputy Mosbacher reported that he spoke with the residents at the address who told him that **MICHAEL JOHN ANDERSEN** had vacated the residence approximately a month prior and his current location was unknown. On November 18, 2013 a warrant for the arrest of **MICHAEL JOHN ANDERSEN** was issued from the First Judicial District Court in Laramie County, for the revocation of probation. An affidavit to support the revocation alleges that **MICHAEL JOHN ANDERSEN** failed to report to his probation officer; Failed to inform the probation office of living arrangements; Absconded from supervision.

13. On November 21, 2013 Deputy U.S. Marshal Justin Stephenson developed information that indicated **MICHAEL JOHN ANDERSEN** was possibly with a woman named Elizabeth Ritchie at 750 Sandy Knoll Cir #C, Kersey, Colorado. On November 22, 2013 at approximately 6:50 a.m., complainant along with other Deputy United States Marshals from both the District of Colorado and the District of Wyoming responded to 750 Sandy Knoll Cir #C, Kersey, Colorado. **MICHAEL JOHN ANDERSEN** was located at the residence and taken into custody on the outstanding probation warrant from the state of Wyoming. Complainant advised **MICHAEL JOHN ANDERSEN** of his Miranda Warnings and asked if

he would be willing to discuss the ongoing investigation. **MICHAEL JOHN ANDERSEN** refused to answer any questions.

14. On November 21, 2013 complainant interviewed Elizabeth Ritchie in her residence at 750 Sandy Knoll Cir #C, Kersey, Colorado. Elizabeth Ritchie told Complainant she had met **MICHAEL JOHN ANDERSEN** online a couple of months prior and that he had been staying at her apartment for a couple of weeks. Complainant asked Elizabeth Ritchie to be more specific than a "Couple of weeks". Elizabeth Ritchie told complainant that **MICHAEL JOHN ANDERSEN** had been staying with her since Halloween. Complainant asked Elizabeth Ritchie if three (3) weeks was an accurate time frame. Michelle Ritchie told complainant that it was. Complainant asked Michelle Ritchie if **MICHAEL JOHN ANDERSON** kept his belongings in her apartment. Michelle Ritchie told complainant that he did not, but she believed his belongings were kept at his aunt's house in Wyoming. Complainant asked Michelle Ritchie if **MICHAEL JOHN ANDERSEN** stayed at her apartment every night since he first came there three weeks prior. Michelle Ritchie told complainant that he had stayed there every night for the three week period of time.

15. On November 26, 2013 complainant verified with Susan Gensel of the Laramie County Sheriff and Diana Fisher of the Wyoming DCI sex offender registry that **MICHAEL JOHN ANDERSEN** did not update or properly de-register his last known address of 304 E Jefferson Rd, Cheyenne, Wyoming or notify that he was staying at 750 Sandy Knoll Cir #C, Kersey, Colorado. On December 2, 2013 complainant spoke with Detective Terry Rinnie of the Weld County Sheriff's Department in Weld County Colorado. Detective Rinnie is the official responsible for the registration of all sex offenders in Weld County. Complainant verified with Detective Rinnie that **MICHAEL JOHN ANDERSEN** is required to register as a sex offender in Colorado, and that he did not register or attempt to register between November 7, 2013 and November 22, 2013.

16.     Based on the above information, complainant believes that **MICHAEL JOHN ANDERSEN** a person who was convicted by Military Court-Martial and is required to register as a sex offender under the Sex Offender Registration and Notification Act, violated 18 USC 2250 Failure to Register as a Sex Offender after vacating his registered address and failing to update the information as required with the Laramie County Sheriff. Complainant further believes that **MICHAEL JOHN ANDERSEN** violated 18 USC 2250 after travelling interstate from Wyoming and residing at 750 Sandy Knoll Cir, #C, Kersey, Colorado from on or about November 7, 2013 through November 22, 2013 and failed to register and update his registration as a sex offender with the Laramie County Sheriff in the state of Wyoming, and the Weld County Sheriff in the state of Colorado within (3) days, as required by the Sex Offender Registration and Notification Act.

**END OF SWORN STATEMENT**

# PENALTY SUMMARY- COMPLAINT

**DATE:** DECEMBER 4, 2013

**DEFENDANT NAME:** MICHAEL JOHN ANDERSEN

**VICTIM:** NO

**OFFENSE AND PENALTIES:**

**OFFENSE:** Ct. 1   **FAILURE TO REGISTER AS A SEX OFFENDER**
18 U.S.C. § 2250(a)

**PENALTIES:**
NMT 10 YEARS IMPRISONMENT
$250,000 FINE
NLT 5 YEARS OR MORE THAN A TERM OF LIFE SUPERVISED RELEASE
$100 SPECIAL ASSESSMENT

**AGENT:** Dennis Conmay - USMS
**AUSA:** Jim Anderson

**ESTIMATED TIME OF TRIAL:**

__X__ five days or less
_____ over five days
_____ other

**INTERPRETER NEEDED:**

_____ Yes
__X__ No

**THE GOVERNMENT:**

__X__ will
_____ will not

SEEK DETENTION IN THIS CASE.

_____ The court should not grant bond because the defendant is not bondable because there are detainers from other jurisdictions